36 F.3d 1101
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Russell E. VINCENT, Appellant.
 No. 94-1822.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 8, 1994.
Filed: September 14, 1994.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Russell E. Vincent appeals the fifteen-year sentence imposed by the District Court[1] on resentencing for his felon-in-possession offense pursuant to 18 U.S.C. Sec. 924(e)(1) (1988). We affirm Vincent's sentence.
 
 
 2
 Vincent was resentenced after he filed a successful claim under 28 U.S.C. Sec. 2255 questioning the applicability of section 924(e)(1), which mandates a fifteen-year minimum sentence. At the resentencing hearing, the District Court determined that section 924(e)(1) applied. Vincent did not dispute that ruling, but he asked the court to depart from the Guidelines and make the sentence concurrent with a state sentence he was then serving, because he was in poor health. While assessing the defendant's health, the District Court referred to a letter from the Missouri Department of Corrections to the probation office regarding Vincent's behavior problems in state prison. Vincent objected to the letter, stating that he had not seen it, and the Court responded that it would proceed without it. After questioning Vincent about his health and medical treatment, the District Court declined to impose a concurrent sentence.
 
 
 3
 Vincent argues that his sentence should be vacated because the District Court improperly considered uncorroborated hearsay allegations in the letter without giving him a chance to explain or rebut the statements, and the letter was not disclosed to him before the resentencing hearing. He also argues the Court should have stated specifically that it would not take the letter into account in sentencing him, as required under Federal Rule of Criminal Procedure 32(c)(3)(D).
 
 
 4
 A district court may consider uncorroborated hearsay evidence in sentencing a defendant so long as the defendant is given a chance to explain or rebut the evidence. United States v. Wise, 976 F.2d 393, 402 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 1592 (1993). In this case, however, the District Court made it sufficiently clear that it did not consider the letter when sentencing Vincent. In addition to stating that it would proceed without the letter after Vincent's objection, the Court indicated later in the hearing that it had considered only uncontroverted parts of the presentence report and information presented by the defendant. Thus, Vincent's argument that he should have been given a chance to explain the letter's statements fails. His argument that the Court failed to comply with Rule 32(c)(3)(D) is likewise without merit.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri